IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

NAJIA RAHMANI,

    Plaintiff,

v.

COURTNEY ERIN MORGAN CASTELLUZZO,

    Defendant.

Civil Action No.: 1:24 CV 1821

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

Defendant, Courtney Erin Morgan Certosimo (f/k/a Courtney Erin Morgan Castelluzo) ("Defendant"), by counsel, submits this Memorandum of Law in support of her Motion for Sanctions, and states as follows:

### INTRODUCTION

Plaintiff, Najia Rahmani, filed this action for the third time after this Court, twice before, dismissed the action due to lack of subject matter jurisdiction. Because there is no good-faith legal basis for Plaintiff's assertion that this Court has any subject matter jurisdiction, she should be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff and her husband, Kahlil Rahmani, previously owned the real property located at 604 North Garfield Street, Arlington, Virginia 22201 (the "Property"). As a result of their failure to pay the real estate taxes, Arlington County enforced its tax lien against the Property and sold it to a third party through a special commissioner appointed by the Court. On December 1, 2020, Defendant and her husband, Jeff J. Certosimo, purchased the Property to use as their family home.

On March 23, 2023, Plaintiff, *pro se*, filed a complaint in the United States District Court for the Eastern District of Virginia against Defendant, her husband, and various other individuals associated with the sale and purchase of the Property styled as *Najia Rahmani v. Courtney Erin Morgan Castelluzo, et al.*, Case No. 1:23-cv-00373 ("First Action").  The First Action contained a hodgepodge of conclusory and unintelligible allegations seeking the "return… of 604 N. Garfield Street, Arlington, Virginia 22201" and "punitive damages [of] $20,000,000 or more." On June 29, 2023, this Court entered an order ("First Order") in the First Action dismissing Plaintiff's claims "as to all Defendants" because the Court lacked subject matter jurisdiction. A true copy of the First Order is attached as **Exhibit 1**.

Notwithstanding the Court's dismissal of the First Action, on June 14, 2024, Plaintiff filed a second action in the United States District Court for the Eastern District of Virginia against Defendant and others which was styled as *Najia Rahmani v. Kimberly M. Ricker, et al.*, Case No. 1:24-cv-01047 ("Second Action").  The Second Action regurgitated many of the claims of Plaintiff's First Action.  For example, it sought the return of the Property and millions of dollars in unspecified damages for "perjury," "fraud," and under "False Claim Act 375 Statute." On July 30, 2024, this Court entered an order ("Second Order") in the Second Action granting Defendant's motion to dismiss and, yet again, dismissing Plaintiff's claims for lack of subject matter jurisdiction.  A true copy of the Second Order is attached as **Exhibit 2**.  In yet another order ("COA Order"), the Court of Appeals for the Fourth Circuit subsequently affirmed this Court's dismissal based upon the lack of subject matter jurisdiction.[1]  A true copy of the COA Order is attached as **Exhibit 3**.

---

[1] The Court of Appeals modified the Second Order, holding that the lack of jurisdiction necessitated a dismissal without prejudice.

Notwithstanding her multiple failed attempts to invoke this Court's subject matter jurisdiction, on October 15, 2024, Plaintiff filed this third action which parrots the exact same claims as her prior actions and fails to cite any cognizable basis for federal subject matter jurisdiction.

On November 25, 2024, Defendant's counsel served a letter and this motion on Defendant informing her that he would seek sanctions pursuant to Rule 11 if she failed to voluntarily dismiss this action or take corrective action. A true copy of the letter is attached as **Exhibit 4**. Plaintiff refused and this motion follows. For the following reasons, Plaintiff's complaint violates Rule 11, and this Court should impose sanctions against her.

## DISCUSSION

Rule 11 imposes obligations upon the proponent of a pleading, whether attorney or party. It provides in relevant part:

> Representations to the Court. By presenting to the court a pleading, written motion, or other paper… an… unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ Pro. 11(b).  "In reviewing whether a signatory violated Rule 11, the Court must apply an objective standard of reasonableness" and the fact that a party represents herself *pro se* in the proceedings does not change the analysis.  *McGahren v. First Citizens Bank & Trust Co.*,111 F.3d 1159 (1997).  When a person violates these minimum standards of pleading, the Court may impose the "appropriate sanction" against the offending party, including nonmonetary directives, reasonable attorney's fees, and expenses resulting from the violation. In this case, the complaint filed by Plaintiff violates the Rule in numerous ways.

First, there is no good faith basis for Plaintiff's new complaint.  It parrots the same exact claims and prayers for relief that were asserted in both the First Action and Second Action, all of which were expressly dismissed – twice – by this Court due to its lack of subject matter jurisdiction.   Nor does Plaintiff attempt to articulate any new good faith basis for federal subject matter jurisdiction in this case.  Plaintiff filed a form complaint that, (like her prior complaints), fails to identify what possible subject matter jurisdiction this Court has, if any, over her claims.  At best, her Complaint attempts to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1332, which authorizes federal district courts to adjudicate "civil actions arising under the Constitution, laws, or treaties of the United States."  Specifically, the caption of Plaintiff's complaint claims that the action is brought under the "False Claim Act 375 Statute."  But no such statute exists.  And if it does, then Plaintiff's complaint does not sufficiently identify it.

To the extent that Plaintiff asserts that the "False Claim Act 375 Statute" referenced in the complaint is the False Claims Act, 31 U.S.C. § 3729, et seq., this Court still lacks subject matter jurisdiction because Plaintiff fails to allege any plausible claim under that statute.  The plain language of Section 3729 imposes liability upon an individual who knowingly presents or makes false demands for money or property **to the United States government**, or more

4

specifically, "to an officer, employee, or agent of the United States." 31 U.S.C. § 3729(b)(2); see also, Veyyuru v. Jadha, 555 F.3d at 349. Plaintiff pleads no such claim or facts in this case, and therefore, this Court has no subject matter jurisdiction in this case under the same.

Second, the complaint is interposed for an improper purpose, namely, to unnecessarily drive-up costs and attorney's fees incurred by Defendant in this action. The relationship between these two neighbors is evident from both the criminal complaint attached to Plaintiff's complaint and her repeated filings of this complaint. Plaintiff continues to repeatedly file this case because, unlike Plaintiff, Defendant is represented by counsel with whom she has incurred substantial attorney's fees. Given this Court's prior rulings, Defendant should not bear the cost of continuing to defend against baseless claims which have already been adjudicated in three prior orders.

## CONCLUSION

For the reasons set forth above, Defendant requests that the Court award her the following relief pursuant to Rule 11(c)(4): (1) grant Defendant's motion for sanctions; (2) award Defendant all her costs and attorney's fees in defending this action; (3) award Defendant all her costs and attorney's fees in prosecuting this motion; (4) direct Plaintiff to cease further filings in this Court based upon the causes of action stated in the First Action, Second Action, and in this action; (5) dismiss the action; and (6) award Defendant such other and further relief as appropriate under the circumstances.

**W A R N I N G / N O T I C E**

YOU ARE ENTITLED TO FILE A RESPONSE OPPOSING THIS MOTION AND ANY SUCH RESPONSE MUST BE FILED WITHIN TWENTY-ONE (21) DAYS OF THE DATE ON WHICH THIS MOTION IS FILED. THE COURT COULD DISMISS THE ACTION ON THE BASIS OF THE MOVING PARTY'S PAPERS IF YOU DO NOT FILE A RESPONSE. YOU MUST IDENTIFY ALL FACTS STATED BY THE MOVING PARTY WITH WHICH YOU DISAGREE AND MUST SET FORTH YOUR VERSION OF THE FACTS BY OFFERING AFFIDAVITS (WRITTEN STATEMENTS SIGNED BEFORE A NOTARY PUBLIC AND UNDER OATH) OR BY FILING SWORN STATEMENTS (BEARING A CERTIFICATE THAT IT IS SIGNED UNDER PENALTY OF PERJURY). YOU ARE ALSO ENTITLED TO FILE A LEGAL BRIEF IN OPPOSITION TO THE ONE FILED BY THE MOVING PARTY.

Respectfully Submitted,
**COURTNEY ERIN MORGAN CERTOSIMO f/k/a COURTNEY ERIN MORGAN CASTELLUZO**
By Counsel

Dated: December 17, 2024.

By: */s/ David E. Bateman*
David E. Bateman, VSB #74660
Daniel M. Rathbun, VSB #29184
**RATHBUN BATEMAN, P.C.**
10427 North Street, Suite 200
Fairfax, Virginia 22030
Tel: (703) 383-9580
Fax: (703) 383-9584
Email: dbateman@rathbunbateman.com
Email: drathbun@rathbunbateman.com
*Counsel for Courtney Erin Morgan Certosimo*
*f/k/a Courtney Erin Morgan Castelluzo*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of November 2024, that the foregoing document was sent via first class mail to:

Najia Rahmani
600 North Garfield Street
Arlington, Virginia 22201
*Plaintiff, pro se*

/s/ David E. Bateman
David E. Bateman



DEFENDANT'S EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| NAJIA RAHMANI, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:23-cv-00373 |
| STANLEY P. DULL, et al., | ) |
| Defendants. | ) |

## ORDER

THIS MATTER comes before the Court on Defendant Stanley P. Dull's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Plaintiffs' Motion for Judgment.

This case was brought by Najia Rahmani on behalf of her son Walid Khalil Rahmani "[f]or the unbearable tolerance of separating a mother and son...."

The Complaint indicates the basis for jurisdiction is federal question. The Complaint lists out the following as the basis for federal question jurisdiction: Conspiracy under 18 U.S.C. § 371, perjury as a sentencing factor under U.S.S.G. § 3C1.1, Human Right Law No. 44 Article 6, First Amendment Right, and False Statement fictitious fraudulent statement under 18 U.S.C. § 1001.

Plaintiffs ask the Court to release Rahmani's son from a nursing home, to award punitive damages of twenty million dollars, and to void a deed.

A plaintiff bears the burden of persuasion when subject-matter jurisdiction is challenged under 12(b)(1). Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Courts may look beyond the four corners of the complaint when deciding a 12(b)(1) motion. Mims v. Kemp, 516 F.2d 21, 23 (4th Cir. 1975). That is, a court is "free to weigh . . . evidence and satisfy itself as to the existence of its power to hear the case." Williams, 50 F.3d at 304. Federal Rule of Civil Procedure 12(b)(1) "enables a party to move for dismissal by challenging a court's jurisdiction over a subject matter." Medtronic, Inc. v. Lee, 151 F. Supp. 3d 665, 671 (E.D. Va. 2016). In deciding a 12(b)(1) motion, the court must ascertain whether "plaintiff's allegations, standing alone and taken as true, plead[] jurisdiction and a meritorious cause of action." Dickey v. Greene, 729 F.2d 957, 958 (4th Cir. 1984). "The burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The burden to defeat a motion to dismiss for failure to state a claim is similarly well-established. On a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and construe those facts in the light most favorable to the plaintiff.

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Reyes v. Waples Mobile Home Park Ltd. P'ship, 903 F.3d 415, 423 (4th Cir. 2018). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss. Iqbal, 556 U.S. at 679; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S., at 106, 97 S.Ct. 285), this does not relieve pro se litigants of the requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) still requires pro se plaintiffs to state "a short and plain statement of the claim showing that the pleader is entitled to relief."

Defendant Dull argues that the Court does not have subject matter jurisdiction over this matter because none of the sources of law cited by Plaintiffs, nor any of the facts alleged by Plaintiffs, provide this Court with subject matter jurisdiction.

Dismissal on the grounds of lack of subject matter jurisdiction may be sustained where "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where

such a claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83 (1946).

As bases for federal question jurisdiction, Plaintiff cites 18 U.S.C. § 371 and 18 U.S.C. § 1001. Both statutes are criminal and there is not clear Congressional intent to provide a civil remedy which would give Plaintiffs a private right of action to bring a claim under either and this Court will not imply one. Further, the Fourth Circuit Court of Appeals held that 18 U.S.C. § 1001 does not confer a civil cause of action in Reeves. 816 F.2d at 137-38. The invocation of federal statutes 18 U.S.C. § 371 and 18 U.S.C. § 1001 is immaterial and does not give this Court subject matter jurisdiction.

USSG §3C1.1 is a directive to sentencers to increase the offense level if a criminal defendant obstructed or attempted to obstruct the investigation for which the defendant is being sentenced. This is a civil matter, and Plaintiffs do not allege any facts concerning any federal criminal matter to which the sentencing guidelines apply. Therefore, Plaintiffs' reference to USSG §3C1.1 cannot support subject matter jurisdiction.

Human right Law no. 44 Article 6 is not an actual law with a with a private right to action in the United States, nor is it a Constitutional provision or a part of a treaty of which the United States is a party. Accordingly, there is no claim that "arises" from anything which would grant this Court jurisdiction. Truman v.

4

White, E.D. Va. WL 150204 (Jan. 14, 2021) at *12 (dismissing habeas claim based on alleged violations of the Universal Declaration of Human Rights).

While the Court would have jurisdiction to hear a First Amendment claim, Plaintiffs' claim appears to be a direct action under the Constitution since they do not cite 42 U.S.C. § 1983 as a basis for jurisdiction. The First Amendment does not directly provide a private right of action. See GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1253 (11th Cir. 2012).

It appearing to the Court that it lacks subject matter jurisdiction in this case, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED and Plaintiff's Motion for Judgment is DENIED as MOOT at this time without prejudice. This case is DISMISSED as to all Defendants.

*[signature]*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 29, 2023

5

DEFENDANT'S EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NAJIA RAHMANI,
    Plaintiff,

v.

KIMBERLY M. RUCKER, *et al.*,
    Defendants.

No: 1:24-CV-01047-MSN-LRV

## ORDER

On June 14, 2024, Plaintiff filed a *pro se* Complaint. The Complaint (ECF 1) seeks $250,000,000 in damages, citing the "False Claim Act," and claims that Defendants engaged in "financial fraud" and "conspiracy" to "fraudulently transfer" the deed of a property at 604 N. Garfield Street in Arlington, Virginia. Plaintiff's Complaint did not cite a basis for this Court's jurisdiction. On July 9, 2024, Defendants moved to dismiss Plaintiff's Complaint (ECF 3), arguing lack of subject matter jurisdiction. Plaintiff did not file an opposition to that Motion.

Upon consideration of the Complaint and Defendants' motion, this Court finds that it lacks subject matter jurisdiction over Plaintiff's case. While Plaintiff does not detail the facts underlying the claim, the allegations appear to involve a real estate transfer under Virginial law, and the grounds of relief are for common law fraud or conspiracy. Plaintiff's Complaint also alludes to the "False Claim Act." Even liberally construing the Complaint to refer to the False Claims Act, 31 U.S.C. § 3729 *et seq.*, this Court lacks subject matter jurisdiction. That act applies only for demands against the United States government or federal officials, not state officials such as those named as defendants here. Because Plaintiff has not pled facts demonstrating that this Court possesses subject matter jurisdiction, Defendants' motion is **GRANTED** and this case is **DISMISSED** with prejudice.

It is **SO ORDERED**.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff forthwith.

/S/
Michael S. Nachmanoff
United States District Judge

Hon. Michael S. Nachmanoff
United States District Judge

July 30, 2024
Alexandria, Virginia

2

USCA4 Appeal: 24-1826      Doc: 12         Filed: 11/21/2024    Pg: 1 of 2
Case 1:24-cv-01821-CMH-WEF   Document 14-1   Filed 12/18/24   Page 15 of 17

DEFENDANT'S
EXHIBIT

3

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1826

NAJIA RAHMANI,

    Plaintiff - Appellant,

  v.

KIMBERLY M. RUCKER, Chief Deputy Treasurer; COURTNEY ERIN MORGAN CASTELLUZZO; JEFF J. CERTOSIMO; JEFFREY A. SCHARF,

    Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Michael Stefan Nachmanoff, District Judge. (1:24-cv-01047-MSN-LRV)

Submitted: November 19, 2024    Decided: November 21, 2024

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Najia Rahmani, Appellant Pro Se. David Eran Bateman, RATHBUN BATEMAN, PC, Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Najia Rahmani appeals the district court's order granting Defendants' motion to dismiss and dismissing her complaint with prejudice for lack of subject matter jurisdiction. We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order, *Rahmani v. Rucker*, No. 1:24-cv-01047-MSN-LRV (E.D. Va. July 30, 2024), as modified to reflect that the dismissal of Rahmani's claim is without prejudice, *see S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of . . . subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

DEFENDANT'S EXHIBIT 4

# RATHBUN | BATEMAN
## ATTORNEYS AT LAW

November 25, 2024

*Via Overnight Mail*
Ms. Najia Rahmani
600 North Garfield Street
Arlington, Virginia 22201

      RE:    *Rahmani v. Castelluzzo (E.D. Va. Case No. 1:24-cv-1821)*

Dear Ms. Rahmani:

    Pursuant to Fed. R. Civ. Pro. 11(c)(1)(A), please find enclosed a copy of a motion for sanctions seeking attorney's fees, costs and expenses pursuant to Rule 11. Pursuant to the requirements of Rule 11, you are being served with this motion in the above-referenced matter pursuant to Rule 5.

    Absent immediate action by you to dismiss the above-referenced matter, my client intends to file the enclosed motion upon the expiration of 21 days. The motion seeks sanctions and fees against you for your conduct in filing the complaint and attempting to prosecute this action. You have twice before filed the same action against Ms. Certosimo in this Court, and each time, the Court dismissed your claims for lack of subject jurisdiction. Your filing of this case for the third time (and apparent refusal to accept the Court's prior rulings) constitutes a clear violation of Rule 11's mandate that your filing be "warranted by existing law." Thus, I will file the motion if you do not immediately take action to voluntarily dismiss your claims.

                                             Sincerely yours,

                                             David E. Bateman

DAVID E. BATEMAN
Attorney at Law
Admitted in VA, DC and MD
dbateman@rathbunbateman.com

10427 NORTH STREET, SUITE 200
FAIRFAX, VIRGINIA 22030
T: 703.383.9580
F: 703.383.9584
WWW.RATHBUNBATEMAN.COM